**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
GEORGE MORGAN,                      :          Civil No. 10-0292 (FSH)
                                    :
           Plaintiff,               :
                                    :
      v.                            :          **OPINION**
                                    :
IRVINGTON POLICE DEPT., et al.,     :
                                    :
           Defendants.              :
_____:

**APPEARANCES:**

      GEORGE MORGAN, #274050C, Plaintiff Pro Se
      Southern State Correctional Facility
      4295 Rt. 47
      Delmont, New Jersey  08314

**HOCHBERG**, District Judge:

      George Morgan, a New Jersey prisoner, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement and the apparent absence of three prior qualifying dismissals, see 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis as a prisoner, and direct the Clerk to file the Complaint without prepayment of the filing fee.  See 28 U.S.C. § 1915(b).  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint, without prejudice to the filing of an amended complaint stating a cognizable claim under 42 U.S.C. § 1983.

## I.  BACKGROUND

The Complaint seeks damages against the Irvington Police Department, Beth Israel Hospital, and the Essex County Jail.  Plaintiff asserts the following in the section of the complaint form instructing him to state the facts:

> [1.]  On March 17, 2008, I was arrested by the Irvington Township Police Dept.  During that arrest my 14th and 8th Amendment rights were violated by shaking a fence that I was holding onto, in turn making me fall 20 feet causing injury to my left leg and causing permanent injury to my lateral tibial plateau.
>
> 2.  I was taken to Beth Isr[ae]l Medical Center sometime later by the Irvington Police Department, I was not diagnosed or misdiagnosed regarding the fractures to my left leg, which required surgery[,] in violation of medical negligence.
>
> 3.  Essex County Jail, City of Newark, denied Plaintiff proper medical treatment after being admitted to the county jail on arrest of March 17, 2008, and failed to examine and diagnose the severe leg trauma.

(Docket Entry #1 at p. 6.)

Plaintiff alleges that the Irvington Police Department violated his constitutional rights as follows:  "Upon arrest Irvington Police Department employee(s) used excessive force while in the performance of their duties by shaking a fence that the Plaintiff was holding onto, therefore causing him to fall 20 feet causing permanent leg injuries."  (Docket Entry #1 at p. 3.)  He asserts that the Essex County Jail violated his rights in that he "did not receive the proper medical care or diagnosis for over a week when transferred to the county jail and seen b[y] medical intake."  (Id., p. 4.)  Plaintiff alleges that Beth Israel Hospital/Medical Center violated his rights as follows:  "When admitted into the hospital, hospital personnel failed to diagnos[e] severe injury

to left knee, specifically, mid fracture of left lateral tibial plateau, therefore causing permanent injury." (Id., p. 5.)

Attached to the Complaint is a one-page Consultation Report for Orthopedics regarding Plaintiff which indicates that Gerald Packman, M.D. dictated it on September 9, 2008.  The report sets forth the following:

> History:  George Morgan sustained an injury to the left knee on 03/17/2008 in a fall that he states was about 20 feet.  The earliest x-ray I have available is from 05/07/2008 and this x-ray of the left knee shows a mid fracture of the lateral tibial plateau with significant separation of the fragment.  No surgery was performed. He is now approaching six months from the injury.  He comes in not using crutches.  He states that he has a cane that he did not use today.  He complains of pain and instability in the left knee.
>
> Physical Examination:  Shows full extension with flexion to somewhat greater than 100 degrees, but he has pain with the 100 degrees so I did not push him to much further.  There is a modest valgus instability that is not particularly painful.  There is no effusion.
>
> Assessment and Plan:  I obtained a new x-ray today, which looks like the left tibial plateau has probably healed, although it has done so with depression and also with widening and flattening of the lateral tibial plateau.  At this point, I would recommend continued use of the cane. I would also recommend an MRI of the right knee and I would like him to return to the clinic with the MRI and with the MRI report.  This is a 28-year-old male with a knee that I think is going to rapidly go on to a severe degenerative arthritis.  It may be possible to locate a surgeon with added qualification in Adult Reconstructive Surgery who might be able to consider surgical restoration of this knee.  I would not consider it.  I will see him following his MRI.

(Docket Entry #1 at p. 8.)

3

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as

practicable after docketing, to review a complaint in a civil action in which a plaintiff is

proceeding in forma pauperis or a prisoner seeks redress from a governmental agent or entity.

See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any

claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations

describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see

also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United

States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals

for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient

to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir.

2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a
> plaintiff's obligation [is] to provide the 'grounds' of his
> 'entitle[ment] to relief' . . . ."  Twombly, 127 S. Ct. at 1964-65 . .
> ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain
> statement [must] possess enough heft to 'sho[w] that the pleader is
> entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must
> be enough to raise a right to relief above the speculative level."  Id.
> at 1965 & n.3.

Id. at 230-34 (original brackets removed).

4

This pleading standard was further refined by the Supreme Court in its recent decision

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than
> an unadorned ["]the-defendant-unlawfully-harmed-me["]
> accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the
> elements of a cause of action will not do." [Id.] at 555.
> [Moreover,] the plausibility standard . . . asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Id. [Indeed, even
> w]here a complaint pleads facts that are "merely consistent with" a
> defendant's liability, [the so-alleging complaint still] "stops short of
> [showing] plausibility of 'entitlement to relief.'"  Id. at 557
> (brackets omitted).  [A fortiori,] the tenet that a court must accept
> as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions [or to t]hreadbare recitals of the
> elements of a cause of action, supported by mere conclusory
> statements [, i.e., by] legal conclusion[s] couched as a factual
> allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement
> [or] that [defendants] adopted a policy "'because of,' not merely 'in
> spite of,' its adverse effects upon an identifiable group." . . . . [W]e
> do not reject these bald allegations on the ground that they are
> unrealistic or nonsensical. . . .  It is the conclusory nature of [these]
> allegations . . . that disentitles them to the presumption of truth. . . .
> [Finally,] the question [of sufficiency of] pleadings does not turn
> [on] the discovery process.  Twombly, 550 U.S.] at 559 . . . . [The
> plaintiff] is not entitled to discovery [where the complaint asserts
> some wrongs] "generally," [i.e., as] a conclusory allegation [since]
> Rule 8 does not [allow] pleading the bare elements of [the] cause
> of action [and] affix[ing] the label "general allegation" [in hope of
> developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no

set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was

---

[1]  The Conley court held that a district court was permitted to dismiss a complaint for
failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at
                                                                                    (continued...)

applied to federal complaints before <u>Twombly</u>.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203

(3d Cir. 2009).  Since <u>Iqbal</u>, the Third Circuit has required the district courts to conduct, with

regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for

failure to state a claim:

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  [<u>See</u> <u>Iqbal</u>,
> 129 S. Ct. at 1949-50].  Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient
> to show that the plaintiff has a "plausible claim for relief" [in light
> of the definition of "plausibility" provided in <u>Iqbal</u>.]  In other
> words, a complaint must do *more than allege the plaintiff's*
> *entitlement to relief*.  A complaint has to "show" such an
> entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the
> Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts
> do not permit the court to infer more than the *mere possibility of*
> *misconduct, the complaint has alleged-but it has not 'show[n]'-'that*
> *the pleader is entitled to relief*.'"  <u>Iqbal</u>, [129 S. Ct. at 1949-50
> (emphasis supplied)].  This "plausibility" determination will be "a
> context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense." <u>Id.</u>

<u>Fowler</u>, 578 F.3d at 210-11 (emphasis supplied).

     The Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed

liberally in favor of the plaintiff, even after <u>Iqbal</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).

With these precepts in mind, the Court will determine whether the Complaint should be

dismissed for failure to state a claim upon which relief may be granted.

---

[1](...continued)
45-46.

### III.  DISCUSSION

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Here, Plaintiff sues Irvington Police Department and Essex County Jail as defendants, but neither a jail nor a police department is a "person" that may be found liable under § 1983 pursuant to Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  See Petaway v. City of New Haven Police Dept., 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993);

7

Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake

Correctional Center, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).  Even if this Court were to

construe these defendants to be the municipal entities themselves, i.e., Irvington and Essex

County[2], the claim would fail.  "[A] local government may not be sued under § 1983 for an injury

inflicted solely by its employees or agents.  Instead, it is when execution of a government's

policy or custom, whether made by its lawmakers or by those whose edicts or act may fairly be

said to represent official policy, inflicts the injury that the government as an entity is responsible

under § 1983."  Monell, 436 U.S. at 694.  Moreover, "a single incident of police misbehavior by

a single policeman is insufficient as sole support for an inference that a municipal policy or

custom caused the incident."  Brown v. City of Pittsburgh, 586 F. 3d 263, 292 (3d Cir. 2009)

(quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 832 (1985) (Brennan, J., concurring).

 In this Complaint, Plaintiff does not assert facts showing that the allegedly excessive

force and/or delay in providing medical care after the arrest resulted from the execution of a

custom or policy of the relevant municipal entity.  This Court will accordingly dismiss the claims

against Essex County Jail and Irvington Police Department for failure to state a claim upon

which relief may be granted.

 Plaintiff also sues Beth Israel Hospital/Medical Center, claiming that the hospital violated

his rights when "hospital personnel failed to diagnos[e] severe injury to left knee, specifically,

---

 [2] See Hafer v. Melo, 502 U.S. 21, 25 (1991) (section 1983 suit against a governmental
officer in official capacity represents another way of pleading an action against the entity of
which the officer is an agent); Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action
against city's director of police department as an action against the city where the city had
notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating
municipality and its police department as a single entity for purposes of § 1983 liability).

mid fracture of left lateral tibial plateau, therefore causing permanent injury" (Docket Entry #1 at p. 5), and because he was "misdiagnosed regarding the fractures to my left leg, which required surgery[,] in violation of medical negligence" (Id. at 6).  Assuming without deciding that Beth Israel was acting under color of state law, this Court will nevertheless dismiss the claims against the hospital.  An entity such as Beth Israel Hospital, like a municipality, cannot be held responsible under § 1983 for the acts of its employees under a theory of vicarious liability.  See Natale v. Camden County Correc. Facility, 318 F. 3d 575, 583 (3d Cir. 2003).  To state a § 1983 claim against such an entity, Plaintiff must assert facts showing that there was a relevant policy or custom of the entity, and that this policy or custom caused the constitutional violation.  Id. at 583-84.  Because Plaintiff fails to so allege, his claims against Beth Israel Hospital/Medical Center will be dismissed for failure to state a claim upon which relief may be granted.

Because Plaintiff fails to state a cognizable § 1983 claim any named defendant, this Court will dismiss the Complaint in the entirety for failure to state a claim upon which relief may be granted.  However, a District Court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  Plaintiff may be able to assert facts in an amended complaint stating a cognizable claim under § 1983 against the municipalities of Irvington and Essex County or against the individual Irvington police officer(s) or Essex County Jail official(s) who allegedly used excessive force during Plaintiff's arrest and/or delayed medical care following arrest.  Thus, this Court will grant Plaintiff leave to file an amended complaint stating a cognizable § 1983 claim with respect to the use of excessive force during arrest on March 17,

2008, as well as the delay in providing medical treatment by official(s) at Essex County Jail.[3]

However, dismissal of the claim against Beth Israel Hospital/Medical Center will be with

prejudice because, even if Plaintiff were to name specific persons or to allege facts showing a

custom or policy, Plaintiff would not state a claim because the failure to properly diagnose an

injury constitutes negligence, which is not actionable under § 1983.  See Davidson v. Cannon,

474 U.S. 344 (1986) (holding that prison official's negligent failure to protect inmate from

assault by another inmate because official "mistakenly believed that the situation was not

particularly serious" does not state a claim  under § 1983); Daniels v. Williams, 474 U.S. 327

---

[3] If Plaintiff files an amended complaint, he should be aware that, to state a § 1983 claim
against a municipality, the amended complaint "must identify a custom or policy, and specify
what exactly that custom or policy was," McTernan v. City of York, PA, 564 F. 3d 636, 658 (3d
Cir. 2009), and specify facts showing a "direct causal link between a municipal policy or custom
and the alleged constitutional deprivation, Jiminez v. All American Rathskeller, Inc., 503 F. 3d
247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  To state a
claim under § 1983 against an individual, "plaintiff must plead that each Government-official
defendant, through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at
1948.

Moreover, if Plaintiff elects to file an amended complaint asserting a § 1983 claim, he
should comply with the pleading requirements of Iqbal.  A claim of "excessive force in the
course of making [a] . . . 'seizure' of [the] person . . .[is] properly analyzed under the Fourth
Amendment's 'objective reasonableness' standard."  Scott v. Harris, 550 U.S. 372, 381 (2007)
(quoting Graham v. Connor, 490 U.S. 386, 388 (1989)).  In deciding whether the challenged
seizure constitutes excessive force, a court must consider "the severity of the crime at issue,
whether the suspect poses an immediate threat to the safety of the officer or others, and whether
he is actively resisting arrest or attempting to evade arrest by flight."  Couden v. Duffy, 446 F. 3d
483, 496-97 (3d Cir. 2006) (quoting Graham, 490 U.S. at 396)).  And "[c]ulpability is relevant . .
. to the reasonableness of the seizure - to whether preventing possible harm to the innocent
justifies exposing to possible harm the person threatening them."  Scott, 550 U.S. at 384 n.10.
And in Scott v. Harris, 550 S. Ct. at 386, the Supreme Court ruled that "[a] police officer's
attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent
bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at
risk of serious injury or death."

(1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983).

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint.  The Court will enter an appropriate Order.

s/Faith S. Hochberg

**FAITH S. HOCHBERG, U.S.D.J.**

Dated:  May 21, 2010